IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MCGRAW                                *
                                      *
v.                                    *   Civil No. JFM-02-3457
                                      *
VARADOX COMMUNICATIONS CORP.          *
                                      *
                                   *****

MEMORANDUM

Brian McGraw, t/a Critical Data Integrity, brought suit against Varadox Communications ("Varadox"), a Canadian corporation, based on breach of an oral agreement. Despite being properly served with notice, Varadox has not made an appearance in this court. McGraw moved for summary judgment. Because the basis for personal jurisdiction over the defendant was unclear, I requested that McGraw more fully brief the issue. I am now satisfied that personal jurisdiction may be asserted over Varadox and will grant the motion for summary judgment.

I.

In April 2001, Varadox President Don Eckardt solicited McGraw to write "dialer software" for Varadox. After initial discussions, attorneys represented both parties and negotiated the terms of a written agreement. The attorneys and the parties remained in their respective locales, Maryland and Canada, as the agreement was forged and signed. Under the agreement, McGraw was to perform his contractual duties, including writing and installing the software, uploading revisions, assisting with rollout, and integrating the software into Varadox's program, from his home in Maryland. Varadox made payment for a period of time by wiring the royalty payments to McGraw's bank in Maryland.

In July 2001, Eckardt again solicited McGraw, this time to perform consulting work for Varadox as an independent contractor. The parties entered into an oral agreement under which McGraw was to perform this software-related consulting work. Again, all of McGraw's duties under the contract were to be performed from his home in Maryland. Breach of this second agreement is the subject of this lawsuit.

II.

McGraw has the burden to show, by a preponderance of the evidence, that this court has specific personal jurisdiction over Varadox. *See Atlantech Distribution, Inc. v. Credit Gen. Ins. Co.*, 30 F. Supp. 2d 534, 536 (D. Md. 1998). Maryland's long-arm statute must authorize, and due process must permit, the exercise of such jurisdiction. Because Maryland's long-arm statute has been construed as co-extensive with the parameters of the Due Process Clause of the Fourteenth Amendment, the inquiries meld into one. *See Ellicott Machine Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993); *Geelhoed v. Jensen*, 352 A.2d 818, 821 (Md. 1976) (construing Maryland's long-arm statute).

Under *International Shoe* and its progeny, a corporate defendant is subject to jurisdiction if the corporation has purposefully directed its activities toward the state and it has minimum contacts with the state sufficient to allow the exercise of jurisdiction to comport with "traditional notions of fairplay and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To maintain specific personal jurisdiction over the defendant, the claim at issue must arise out of or relate to activities of the defendant that have been "purposefully directed" at residents of the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). "[W]here a defendant

who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, [the defendant] must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

McGraw has established that Varadox purposefully directed its activities at a resident of the forum state. *See Calder v. Jones*, 465 U.S. 783 (1984). In assessing a contract as a contact, the Supreme Court has stated that "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" must be evaluated to determine "whether the defendant has purposefully established minimum contacts within the forum." *Burger King* at 479. Among these considerations, the party that initiated discussions leading to the formation of the contract is of particular significance. *See Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448, 451 (4th Cir. 2000); *Nueva Eng'g, Inc. v. Accurate Elecs. Inc.*, 628 F. Supp. 963 (D. Md. 1986). Varadox initiated contact with McGraw in Maryland (not once, but twice), entered into two contracts that created an on-going relationship with a party whose performance was to take place entirely in Maryland, directed communications to that Maryland resident during performance of the contracts, and wired payment for services rendered under the contracts to a bank in Maryland.[1] Varadox purposefully

---

[1] Varadox has a business relationship with Mr. McGraw and his company, Critical Data Inc. It is through this contact with the forum state, this business relationship, that both contracts and the resulting disputes have arisen. Plaintiff has directed my attention to the choice of law provision in the written agreement as corroboration of the reasonableness of jurisdiction in Maryland (though plaintiff fails to point out a conflicting choice of law provision). Evidence of the written contract is probative of the extent of the relationship between the two parties, but its specific terms are, at most, parol evidence in determining which forum's law would apply to the oral contract. Neither agreement, oral or written, is alleged to contain a choice of forum provision. The specific terms of the written agreement have little impact upon my determination regarding personal jurisdiction.

directed its activities toward the forum. *See English & Smith v. Metzger*, 901 F.2d 36, 39-40 (4th Cir. 1990).

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2003 FEB 26  P 1: 33
BALTIMORE
_____ DEPUTY

Assertion of personal jurisdiction also comports with "traditional notions of fairplay and substantial justice." *Int'l Shoe*, 326 U.S. at 316. The plaintiff's interest in obtaining convenient and effective relief and Maryland's interest in adjudicating the dispute outweigh any burden placed upon the defendant in litigating within the forum. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (listing the factors to be considered in assessing fairplay and substantial justice); *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 222 (1957) (noting the "modern age" makes defending oneself in a state where one conducts economic activity less burdensome). Varadox has not appeared before this court to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. Varadox should have anticipated being haled into court in Maryland regarding a dispute over this contract. *See World-Wide Volkswagen*, 444 U.S. at 297. Maintenance of personal jurisdiction over the defendant is consistent with the requirements of due process.

For these reasons, I am satisfied that this court has personal jurisdiction over Varadox. Therefore, McGraw's motion for summary judgment – which is otherwise meritorious – will be granted.

Date: *Feby 26, 2003*

J. Frederick Motz
United States District Judge